**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**BETTY MALLARD And**
**TERRI BULLOCK**                                    **PLAINTIFFS**


**VERSUS**                          **CIVIL ACTION NO. 2:05cv2069KS-MTP**


**WAL-MART STORES EAST, LP;**
**WAL-MART STORES, INC.; And**
**JOHN DOE DEFENDANTS A, B & C**                 **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#77]** filed on

behalf of the defendants.  The court, having reviewed the motion, the response, the

pleadings and exhibits on file, the briefs of counsel, the authorities cited and being

otherwise fully advised in the premises finds that the motion should be denied in part

and granted in part.  The court specifically finds as follows:


**FACTUAL BACKGROUND**

On or about April 19, 2005, the plaintiffs, Betty Mallard and Terri Bullock, were

customers at the Wal-Mart store located at 5901 U.S. Highway 49, Hattiesburg,

Mississippi.  Wal-Mart provides motorized shopping carts, called mart carts, as a

convenience to handicapped customers and customers who have trouble getting

around the store.  As a result of suffering a stroke, Mallard is paralyzed on the right side

of her body and uses a wheel chair to move around.  On the date in question, upon arriving at Wal-Mart, Mallard exited her wheel chair into one of the motorized shopping carts provided by Wal-Mart.

At some point in the shopping excursion, the plaintiffs decided to use the restroom which was located in the front of the store.  According to the pleadings and exhibits on file, this particular restroom is designed without a door.  Instead, it uses parallel offset wall panels which create a corridor that causes one entering or exiting the facility to move in a serpentine motion around the panels.  When Mallard entered the entrance corridor to the restroom and began maneuvering the mart cart through, the mart cart became stuck as there was not enough room for the cart to make the tight turns necessary to pass through the corridor.  Mallard and Bullock were able to free the cart and enter the restroom.  However, when they attempted to exit the restroom, the cart again became stuck and while attempting to dislodge the cart from between the walls of the entrance to the restroom, Mallard and Bullock alleges they were both severely injured.

The plaintiffs contend that because there were no signs posted at the entrance of the restroom stating that individuals should not attempt to enter the restroom with a motorized cart, Mallard had no reason to believe that she would encounter any problem entering the restroom as she desired.  The defendants contend that there was a sign posted that informed customers not to enter the restrooms with merchandise and that this signage put the plaintiffs on notice that the mart cart, or any other shopping cart, should not be carried into the restroom.

The plaintiffs brought the instant action against Wal-Mart alleging negligent

2

design of he restroom entrance and failure to warn handicapped customers not to drive the mart carts into restrooms.  The defendants have moved for summary judgment asserting that the plaintiffs have failed to create any genuine issues of material fact that the restroom was negligently designed or that Wal-Mar had a duty to warn its patrons sufficient to establish liability for the plaintiffs' alleged injuries.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is

3

not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  Id.  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating

[entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

5

## THE NEGLIGENCE CLAIMS

To prevail on the plaintiffs' negligence claims of negligent design and failure to warn, they must prove by a preponderance of the evidence the following elements:

1. A duty owed by the defendants to the plaintiffs;
2. A breach of that duty;
3. Damages; and
4. A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988).

The defendants' motion has challenged the plaintiffs' negligence claims generally and their ability to prove a breach of duty by the defendant, specifically.  The court notes that in order for the plaintiffs to prevail against the defendants' challenge, they must make a showing sufficient to establish the existence of the defendants' breach of duty on which they will bear the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

## Duty Owed a Business Invitee

There is no dispute about the status of the plaintiffs as business invitees at Wal-Mart on the date of the incident.  Under Mississippi law an owner, occupant or person in charge of a premises owes a business invitee the duty to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care.  *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986).

The defendants assert that the restroom at the Wal-Mart store met the design

6

requirements of the Americans with Disabilities Act Accessibilities Guidelines and that its signage complied with those same Guidelines.  That signage included a handicapped accessible sign.  The plaintiffs counter that they have offered proof of negligent design by virtue of the defendants' expert, Douglas R. Bryant.  Bryant has filed a report asserting that the restroom entrance in question met the ADAA Guidelines but acknowledges that the mart cart cannot successfully navigate the entrance.

Whether the signage that no merchandise was allowed in the restroom was sufficient to put the plaintiffs on notice not to carry the mart cart into the restroom is a question for the jury.  Further, whether it was negligent to furnish a mart cart that wouldn't fit into the restroom entrance to handicapped individuals is also a question best left to the jury.  With those factual questions, summary judgment is not appropriate on the plaintiffs's negligent design and failure to warn claims.

## PUNITIVE DAMAGES CLAIMS

The defendants have also moved for summary judgment on the plaintiffs' punitive damages claims.  It is well settled in Mississippi that punitive damages are to be assessed only in extreme cases.  *See Gardner v. Jones*, 464 So. 2d 1144, 1148 (Miss. 1985).  "Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and are allowed with caution and within narrow limits."  *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss.1988).  Further,

> [a]s a general rule, exemplary or punitive damages are 'added damages' and are in addition to the actual or compensatory damages due because of an injury or wrong. The kind of wrongs to which punitive damages are applicable are those which, besides the violation of a right or the actual damages sustained, import

7

insult, fraud, or oppression and not merely injuries, but injuries inflicted in the
spirit of wanton disregard for the rights of others.

*Summers ex rel. Dawson v. St. Andrew's Episcopal School, Inc.*, 759 So.2d 1203, 1215
(Miss.2000) (citing *Fowler Butane Gas Co. v. Varner*, 244 Miss. 130, 150-51,141 So.2d
226, 233 (1962)).  See also, *Paracelsus Health Care Corp. v. Willard*, 754 So.2d 437,
442 (Miss.1999).  "In order to warrant the recovery of punitive damages, there must
enter into the injury some element of aggression or some coloring of insult, malice or
gross negligence, evincing ruthless disregard for the rights of others, so as to take the
case out of the ordinary rule."  *Id.* (citing 15 Am.Jur., Damages, Sec. 265, p. 698).

When deciding whether to submit the issue of punitive damages to a trier of fact,
the court is required to examine the totality of the circumstances as established by the
record, to determine if a reasonable, hypothetical trier of fact could find either malice or
gross neglect/reckless disregard in order to justify the imposition of punitive damages.
*See Ross-King-Walker, Inc. v. Henson*, 672 So.2d 1188, 1191 (Miss.1996).

Based on the foregoing well settled principles of law, the Mississippi Supreme
Court has instructed that "in order for the issue of punitive damages to warrant jury
consideration, [the plaintiffs] must show that a question of fact exists as to whether the
aggregate of [the defendants'] conduct . . . evidences willful or wanton conduct or the
commission of fraud.  *Bradfield v. Schwartz*, --- So.2d ----, 2006 WL 1350051, *5
(Miss. 2006).

The court agrees with the defendants that the plaintiffs have failed to create a
genuine issue of material fact regarding the imposition of punitive damages and this
claim should be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment **[#77]** is Denied as to the plaintiffs' negligent design and failure to warn claims and Granted as to the plaintiffs' punitive damages claims.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 20th day of September, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE